UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                          Case No. 12-cr-20180
                                                           Hon. Mark A. Goldsmith

vs.

FREDERICK JAMES WALL,

                Defendant.

_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S**
**AMENDED MOTION FOR RECONSIDERATION (Dkt. 41);**
**VACATING THIS COURT'S SEPTEMBER 14, 2016 OPINION & ORDER (Dkt. 39);**
**DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE (Dkt. 31);**
**AND GRANTING A CERTFCATE OF APPEALABILTIY**

Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 31), invoking the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). This Court granted that motion on September 14, 2016 (Dkt. 39). In the process, the Court rejected the Government's argument that the collateral attack waiver contained within Defendant's Rule 11 Plea Agreement (Dkt. 26) precluded the challenge to his sentence. See 9/14/2016 Order at 3-6.

The Government timely filed a motion for reconsideration, continuing to argue that Defendant's collateral attack waiver should be given dispositive effect (Dkt. 41). The issues have been fully briefed, and a hearing was held on the motion on October 21, 2016. The Court agrees with the Government that, based on Sixth Circuit authority supplied during the briefing on the motion for reconsideration, the Court's initial opinion cannot be squared with that authority.

1

Accordingly, the September 14, 2016 order is vacated, the motion for reconsideration is granted, and Defendant's § 2255 motion is denied.

## I.  STANDARD OF DECISION

The Federal Rules of Civil Procedure do not provide for a "motion for reconsideration," but the local rules in the Eastern District of Michigan do.  See E.D. Mich. L.R. 7.1(h).  The local rule explains that the decision to grant the motion is within the court's discretion.  To establish grounds for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3).

## II.  DISCUSSION

In his Plea Agreement, Defendant acknowledged that he "knowingly and voluntarily waive[d] that right [to collaterally attack his sentence] and agree[d] not to contest his conviction or sentence in any post-conviction proceeding, including — but not limited to — any proceeding under 28 U.S.C. § 2255."  Plea Agreement at 8.

### A.      This Court's Prior Basis for Rejecting the Government's Waiver Argument

In setting aside Defendant's waiver insofar as his argument is based upon Johnson, this Court relied on United States v. McBride, 826 F.3d 293 (6th Cir. 2016), a recent case that was before the Sixth Circuit on direct appeal.  In that case, the plea agreement memorialized an "understanding" that the defendant would be sentenced as a career offender because "he had at least two prior crimes of violence convictions."  Id. at 294.  The court noted that this language could function as a waiver of most challenges to his sentence; nevertheless, the court held that "a defendant can abandon only 'known rights,'" id. at 295 (quoting United States v. Olano, 507

U.S. 725, 733 (1993)) (emphasis in original), and that the defendant "could not have intentionally relinquished a claim based on Johnson, which was decided after his sentencing," id.

Explaining its view that McBride applied to Defendant's case, this Court stated:

> The Government argues that McBride should be distinguished from the instant case because "there is a world of difference between what was essentially an implied waiver by agreeing to guideline calculations [i.e., McBride] versus an affirmative waiver of one's statutory right to collaterally challenge a conviction." Gov't Resp. at 7 (emphasis added).  But the Government does not explain what this "world of difference" might be; nor does it offer any authorities drawing the distinction that the Government invites the Court to make.  There does not appear to be anything about a broad waiver of one's statutory right to collaterally challenge a conviction that is somehow more worthy of enforcement than a defendant's waiver of the right to collaterally attack a "career offender" designation.

9/14/2016 Order at 4.

Thanks to the briefing on the Government's motion for consideration, however, this Court is now aware of United States v. Alford, 436 F.3d 677 (6th Cir. 2006); United States v. Amiker, 414 F.3d 606 (6th Cir. 2005); and United States v. Puckett, 422 F.3d 340 (6th Cir. 2005).  Those cases draw a clear distinction between the Guidelines-specific waiver seen in McBride and the broad appeal/collateral attack waiver seen here.  Alford explained:  "The plea agreement in [United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005)] contained language by which the defendant agreed to be sentenced under the Guidelines and also a clause waiving the defendant's right to appeal."  Alford, 436 F.3d at 679 (emphasis added).  "[T]he agreement presently before [the Alford] court . . . contains no waiver of appeal clause.  The absence of such a waiver is dispositive."  Id. at 680.  "The mere fact that the defendant agreed to be, and was, sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising on appeal an alleged Booker error regarding his sentence."  Id. (citing Puckett, 422 at 343 ("Puckett did not

expressly waive his right to appeal in the plea agreement, and thus the current situation falls outside the reach of Bradley. The mere fact that Puckett agreed to be, and was, sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising on appeal an alleged Booker error regarding his sentence.")).  By holding that McBride governed the collateral attack waiver in this case, this Court erred.  Defendant's waiver was akin to the enforceable waiver in Bradley and distinguishable from the ineffectual waiver in McBride.

### B.   No Exception Applies to Defendant's Collateral Attack Waiver

Pursuant to a plea agreement, a defendant "may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." Bradley, 400 F.3d at 463.  That said, appeal waivers and collateral-attack waivers are not enforceable per se.  Perhaps the most widely accepted reason for setting aside an otherwise-valid waiver is a sentence that exceeds the statutory maximum (also known as a "supramaximal" or "illegal" sentence).  See United States v. Caruthers, 458 F.3d 459, 471-472 (6th Cir. 2006) ("we agree with our unanimous sister circuits that an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded").  An illegal sentence is recognized as a basis for setting aside an appeal waiver in this circuit.  See id.  However, of the "several different rationales" for the doctrine that one cannot waive the right to challenge an illegal sentence, the Sixth Circuit has, to date, declined to identify any one rationale in a published case.  See id. at 471-472 & n.5 ("[C]ourts offer several different rationales for the doctrine . . . .  We need not choose from among these justifications, because no matter what the theory, the general soundness of the doctrine is apparent.").

Nevertheless, Defendant invokes the "miscarriage of justice" rationale as an available basis for setting aside an otherwise-valid collateral attack wavier.  See Def. Resp. at 5 (Dkt. 42)

4

(citing <u>United States v. Allen</u>, 635 F. App'x 311, 315-316 (6th Cir. 2016); <u>United States v. Mathews</u>, 534 F. App'x 418, 425 (6th Cir. 2013)).  These cited cases, however, are at best inconclusive as to whether a collateral attack waiver may be set aside due to a "miscarriage of justice," and they provide no clues as to the limits of what constitutes a miscarriage of justice. <u>See Allen</u>, 635 F. App'x at 315 ("<u>to the extent we recognize a miscarriage-of-justice exception</u> to the enforcement of appeal waivers, the enforcement of Allen's appeal waiver in this case would not result in any miscarriage of justice" (emphasis added)).  Notably, neither of these cases, nor any of the cases cited therein, has ever identified this exception as the basis for providing relief to a defendant.

Even assuming that the miscarriage-of-justice exception to a collateral attack waiver would be sustained in some form within the Sixth Circuit, Defendant must show that the exception applies here.  In attempting to do so, he argues that the current claim — which stems from <u>Johnson</u>'s "void for vagueness" holding — suffices to set aside the waiver because of its constitutional nature.  <u>See</u> Def. Resp. at 6 ("The Sixth Circuit has also intimated that a miscarriage of justice may occur when a sentencing enhancement is imposed that violates the Constitution.").  Defendant relies upon <u>United States v. Weld</u>, 619 F. App'x 512, 514 (6th Cir. 2015), in which the Sixth Circuit stated:

> [Defendant] says that enforcing the waiver would produce a "miscarriage of justice." An erroneous guidelines calculation, however, is not a miscarriage of justice that will void an appellate waiver. [Defendant] now argues that the enhancement is <u>unconstitutional</u> as applied to her — but she did not raise the constitutional argument in the district court. As a result, we review only for plain error.

(Emphasis added.)  As argued by Defendant, "in <u>Weld</u>, the defendant was denied the right to appeal a run-of-the-mill Guidelines error in the face of her explicit appellate waiver.  However,

5

when re-framed as a constitutional error, the Court agreed to review the issue for plain error despite the presence of the waiver."  Def. Resp. at 7.

Weld does support the proposition that a sentencing error may be challenged, notwithstanding an appeal waiver, when the challenge has a constitutional dimension.  However, Weld — an unpublished case — is an outlier; it declines to explain the court's decision to set aside the waiver, and, in any case, it was decided in 2015 and, therefore, must yield to the Sixth Circuit's earlier-established practice of giving effect to waivers even when a defendant mounts a constitutional challenge to his sentence.  United States v. Hamm, 400 F.3d 336, 340-341 (6th Cir. 2005) (when faced by an "apparent intracircuit split," the earlier-decided decision controls).[1]

Certain Booker claims are the readiest examples of waivers being given effect notwithstanding the constitutional dimension of a defendant's attack on his conviction.  See United States v. Booker, 543 U.S. 220 (2005).[2]  In that context, the Sixth Circuit has recognized that a waiver in a plea agreement "may waive constitutional or statutory rights . . . that courts may recognize in the future."  Bradley, 400 F.3d at 463 (6th Cir. 2005) (emphasis added); United States v. Wilson, 438 F.3d 672, 673 (6th Cir. 2006) (same); see also United States v. Hochschild, 442 F.3d 974, 979-980 (6th Cir. 2006) ("[defendant] waived constitutional challenge [sic] to the

---

[1] It also should be noted that, by holding that no plain error occurred, the Weld court ultimately reached the same result that would have been compelled by the waiver, had it been given effect. Cf. United States v. Stark, 307 F. App'x 935, 938 (6th Cir. 2009) ("Because the defendant's challenge failed on the merits, however, this Court assumed, without deciding, that the defendant's appellate waiver was unenforceable.").

[2] Just because an appeal invokes Booker, however, doesn't mean that it makes a constitutional challenge to the sentence.  Booker contained a constitutional holding that when a judge finds facts used to increase a sentence in a mandatory guidelines scheme, he or she violates the Sixth Amendment.  However, the Booker court's remedial holding severed the portion of the statute making the Guidelines mandatory — irrespective of whether a judge made factual findings when calculating the Guidelines range.  Not all Booker claims, therefore, invoke a constitutional violation; only those alleging judge-found facts do so.

guidelines in the plea agreement. . . .  In the instant case, we do not rule on whether the district court violated [defendant]'s Sixth Amendment rights [under Booker,] because [defendant] waived those rights" (emphasis added)); United States v. Hicks, 134 F. App'x 902, 904 (6th Cir. 2005) (refusing to consider defendant's Sixth Amendment Booker claim because of defendant's waiver); United States v. Phillips, 143 F. App'x 667, 670-671 (6th Cir. 2005) (same); accord Alford, 436 F.3d at 679-680 ("if [defendant]'s plea agreement is deemed a waiver, the intervening decision in Booker is not a valid ground upon which to appeal"); United States v. Puckett, 422 F.3d 340, 343 (6th Cir. 2005) ("a voluntary waiver of appeal in a plea agreement precludes Booker review of the sentence"); United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005) ("a defendant cannot seek an appellate remand for re-sentencing under Booker where the plea agreement contains a provision waiving his right to appeal his sentence").

These cases prove that a constitutional objection to a sentence does not suffice to set aside a waiver.  And, although this principle stems from constitutional Booker claims, the Sixth Circuit recently intimated that it applies with equal force to constitutional Johnson claims.  In a split, unpublished decision, the Sixth Circuit denied a petitioner's application to file a successive § 2255 motion based upon the petitioner's appeal waiver, notwithstanding his Johnson claim. See In re Garner, ___ F. App'x ___, No. 16-1655, 2016 WL 6471761 (6th Cir. Nov. 2, 2016). Apart from the petitioner's lower burden on a petition for a successive motion in that case, see In re Watkins, 810 F.3d 375, 379 (6th Cir. 2015) (successive petitions considered when petitioner makes "a showing of possible merit sufficient to warrant a fuller exploration by the district court"), the details attendant to In re Garner and the instant case are identical.  The majority relied upon Bradley, holding that "an intervening change in law" — even one that mounts a "challenge to the constitutionality of [a] sentence" — "does not render the . . . waiver unknowing

or involuntary." <u>In re Garner</u>, 2016 WL 6471761, at *2. The dissent's only response to the majority's application of <u>Bradley</u> was to point out that <u>Bradley</u> did not involve the "lenient prima facie standard [of] the second, successive petition context." <u>Id.</u> at *3 (Keith, J., dissenting). This Court is not faced with a successive § 2255 petition, however, so the dissenting judge's concerns about the appropriate standard of decision do not bear on the Government's motion for reconsideration. If anything, the <u>In re Garner</u> majority's refusal to entertain a successive petition in light of a collateral attack waiver makes giving effect to the waiver all the more proper when a court applies the more stringent standard applicable to a non-successive petition.[3]

In the alternative to his argument that the alleged error's constitutional dimension creates a miscarriage of justice, Defendant also argues that a <u>Johnson</u> error is uniquely serious, and that this, too, can support a finding of a miscarriage of justice. <u>See</u> Def. Resp. at 8; <u>id.</u> at 5 ("A miscarriage of justice exists where the errors raised 'seriously affect the fairness, integrity or public reputation of the judicial proceeding.'"). It is true that, in addressing plain-error review where defendants had not waived appeal rights, "the Sixth Circuit has repeatedly affirmed that <u>Johnson</u> errors 'seriously affect the fairness, integrity and public reputation of the judicial proceeding,'" which is the test for the fourth prong of plain-error review. <u>Id.</u> at 8 (quoting

---

[3] Although <u>In re Garner</u> is the most in-depth, and most recent, treatment of the effect of a waiver on a <u>Johnson</u> claim seen by this Court, it is not the only Sixth Circuit decision that unequivocally gives effect to a waiver in this context. <u>See also, e.g.</u>, <u>In re Alonzo Cobbin</u>, No. 16-1675 (6th Cir. Oct. 31, 2016); <u>In re Erik Thompson</u>, No. 16-1647 (6th Cir. Oct. 18, 2016); <u>In re Demond Wilson</u>, No. 16-1657 (6th Cir. Oct. 3, 2016). Other panels have granted the petitioner's motion to file a successive petition, while making clear their decision did not constitute a holding that the waiver was invalid. <u>See</u> <u>In re Roderick Green</u>, No. 16-1674 (6th Cir. Sept. 7, 2016); <u>In re Richard Young</u>, No. 16-1710 (6th Cir. Aug. 22, 2016). This Court is aware of only one panel granting the petitioner's motion to file a successive petition, over the Government's objection, without noting the district court's obligation to consider the validity of the waiver. <u>See</u> <u>In re Terrence Robinson</u>, No. 16-1751 (6th Cir. Oct. 5, 2016). That panel, however, still rested its decision on the relaxed standard applicable to successive petitions. <u>See id.</u> None of these orders unequivocally states that a valid waiver may be set aside in order to reach a petitioner's <u>Johnson</u> claims.

United States v. Holder, 612 F. App'x 838, 839 (6th Cir. 2015)). But simply because an error must be corrected after plain-error review does not mean it is an error that cannot be waived. Like unwaived Johnson claims, unwaived claims brought under Booker's Sixth Amendment holding satisfy the fourth prong of plain-error review.  See, e.g., United States v. Oliver, 397 F.3d 369, 380-381 (6th Cir. 2005).  And even so, in this circuit, such Booker claims are waivable.  See, e.g., Hicks, 134 F. App'x at 904.  Accordingly, a sentencing court's error does not suffice to set aside an otherwise-valid waiver, just because that error would satisfy the fourth prong of plain-error review.  Stated differently, this circuit's Booker cases teach that an error can "seriously affects the fairness, integrity, or public reputation of the judicial proceeding" without establishing a miscarriage of justice that is sufficient to set aside a collateral attack waiver.

Finally, and again in the alternative, Defendant argues that a sentence that was founded on an unconstitutionally vague Guidelines provision is "illegal," in the same sense as a sentence that exceeds the statutory maximum.  See Def. Resp. at 6-7.  In support, he cites several out-of-circuit cases, some of which are on point, holding that, assuming Johnson applies to the Guidelines, using the Guidelines' residual clause to calculate a defendant's Guidelines range results in an illegal sentence.  Id. at 5-6 (citing, e.g., United States v. Torres, 828 F.3d 1113, 1125 (9th Cir. 2016) ("We therefore accept the Government's concession that the district court sentenced [defendant] pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders [defendant]'s sentence 'illegal,' and therefore the waiver in his plea agreement does not bar this appeal.")).

The same rule of law does not apply in this circuit.  It is well established that an improperly calculated Guidelines range is waivable, see, e.g., United States v. Malone, 646 F. App'x 454, 458 (6th Cir. 2016), so the simple fact that Defendant's Guideline range should have

been lower does not make a resultant sentence "illegal." The only apparent fact distinguishing Defendant's allegedly improper Guidelines range from others is this alleged error's constitutional nature — a fact that was considered and rejected above. A scoring error premised upon an unconstitutional Guidelines scheme has not sufficed to set aside a waiver, see supra; Defendant points to no reason why an unconstitutionally vague Guidelines provision would produce a different result. See also Drummond v. United States, 977 F.2d 580 (6th Cir. 1992) (table) (collateral attack waiver precluded argument that Guidelines range was improper because range was calculated using allegedly unconstitutional prior conviction). Finally, as the dissent noted in In re Garner, 2016 WL 6471761, at *3 (Keith, J., dissenting), the Government in Torres apparently did not argue to enforce the appeal waiver.

## III.  CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The Ninth Circuit, for one, has accepted a version of Defendant's argument. See United States v. Torres, 828 F.3d 1113 (9th Cir. 2016). The Court, therefore, will grant Defendant a certificate of appealability, because reasonable jurists could find this Court's assessment of his claims debatable.

## IV.  CONCLUSION

Based on the current landscape of binding Sixth Circuit and Supreme Court case law, as well as the informative and persuasive trend seen in unpublished Sixth Circuit orders, Defendant

10

is bound by the collateral attack waiver contained in his Plea Agreement.  By disregarding this waiver and reaching the merits of his Johnson claim, this Court erred.  This Court's September 14, 2016 opinion and order (Dkt. 39) is vacated.  The Government's motion for reconsideration (Dkt. 41) is granted, and Defendant's motion to vacate his sentence (Dkt. 31) is denied. Defendant is granted a certificate of appealability.

SO ORDERED.

Dated:  January 18, 2017                          s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2017.

                                        s/Karri Sandusky
                                        Case Manager